IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA FISHER.** | : | CIVIL ACTION NO. 1:10-CV-0084 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN, SCI MAHANOY, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Joshua Fisher ("petitioner"), a Pennsylvania state inmate, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 13, 2010. (Doc. 1.) He challenges 2007 Court of Common Pleas of York County sentences imposed following his plea of guilty to possession with intent to deliver cocaine and for possession with intent to deliver marijuana. (Doc. 1.) For the reasons that follow, the petition will be denied.

**I.    Background & Procedural History**

The factual and procedural background contained in this section are primarily extracted from the Superior Court of Pennsylvania December 1, 2009 opinion, which states as follows:

> In November 2006, Pennsylvania State Police Officer Christopher Keppel received information from a confidential informant of cocaine and marijuana distribution by a person named Josh from a residence located at 719 South Pershing Avenue in York County. After further investigation, Officer Keppel determined that [petitioner] resided there and orchestrated the purchase of cocaine by a person other than the

> original informant. Thereafter, Officer Keppel initiated a second, controlled narcotic buy through another confidential informant who had personal knowledge that [petitioner] was selling cocaine and marijuana at the subject residence.
>
> Subsequently, Officer Keppel applied for a search warrant for the property and secured the residence with a police surveillance unit. When [petitioner] and two other men left the residence by vehicle, police followed them to the nearby bar and restaurant. Once Officer Keppel obtained the search warrant from a district magistrate, he radioed the surveillance unit to take [petitioner] into custody and return him to the subject property to be present for the search. During the search, police recovered three ounces of cocaine, five pounds of marijuana, several firearms, and drug packaging paraphernalia.
>
> On August 23, 2007, [petitioner] pled guilty to two counts of possession with intent to deliver (PWID) pursuant to 35 P.S. § 780-113(a)(30) and received a negotiated sentence of five to ten years' imprisonment. [Petitioner] did not challenge the convictions on direct appeal.
>
> On September 5, 2008, [petitioner] filed a timely, counseled PCRA petition. In that petition, [petitioner] alleged that trial counsel, Harry M. Ness, was ineffective for failing to file a suppression motion. Specifically, [petitioner] alleged that police arrested him without a warrant or probable cause, and that the search of the residence commenced prior to the execution of the search warrant. Thus, [petitioner] contended that counsel was ineffective for failing to challenge the obtained evidence by filing a suppression motion. The PCRA court held a hearing on November 26, 2008 wherein [petitioner] and Attorney Ness testified. The PCRA court denied relief in an opinion and order filed January 20, 2009.

(Doc. 8-3, at pp. 148-49.)

Petitioner filed a timely appeal rasing the following issues for review:

Whether the standard of review applied by the PCRA court to [petitioner's] claims of ineffective assistance of counsel is contrary to or an unreasonable application of clearly established law [ ]?

Whether counsel's performance was objectively unreasonable for failure to file and litigate a motion to suppress evidence obtained as a result of the warrantless arrest of his client in violation of the *Melendez* decision,

>	and whether there was a reasonable probability of a different outcome is [sic] he had filed the suppression motion?

(Id. at 149.) The Superior Court concluded that the PCRA court did not err in denying petitioner relief. (Id. at 155.)

He filed the instant petition raising the issue of "ineffective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution." (Doc. 1, at 6.) Specifically, he contends that counsel was ineffective for failing to file a suppression motion (Doc. 2, at 10) challenging the alleged search of his residence prior to the issuance of a search warrant and his warrantless arrest, and for failing to challenge the sufficiency of the affidavit of probable cause attached to the search warrant.

## II.  **Standards of Review**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8; see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

Once a court is satisfied that the exhaustion requirement has been met, and a merits review of a claim is warranted, as is the case here, section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits shall not be granted unless the decision is contrary to, or involves an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). AEDPA thus limits a federal court's authority to grant habeas relief when a state court has previously considered and rejected the federal claim on the merits.

The United States Court of Appeals for the Third Circuit recently set forth the following analyses applicable to the three legal inquiries:

> Consistent with Supreme Court precedent, we read § 2254(d) to require three distinct legal inquiries. See, e.g., Harrington v. Richter, --- U.S. ---, 131 S. Ct. 770, 785 (2011). The first is whether the state court decision was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). The second is whether the state court decision "involved an unreasonable application of" such law. § 2254(d)(1). And the third is whether the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented" to the state court. § 2254(d)(2).
>
> The test for § 2254(d)(1)"s "unreasonable application of" clause is as follows: "[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Wiggins v. Smith, 539 U.S. 519, 520 (2003)). For purposes of § 2254(d)(1), "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 75-76 (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)). Rather, "[t]he state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ. Andrade, 538 U.S. at 75.
>
> The test for § 2254(d)(1)'s "contrary to" clause is whether the state court decision "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405, and Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)). Of course, a state court's resolution of a question that the Supreme Court has not resolved can be neither contrary to, nor an unreasonable application of, the Court's precedent. See Kane v. Garcia Espitia, 546 U.S. 9 (2005).

> The test for § 2254(d)(2)'s "unreasonable determination of facts" clause is whether the petitioner has demonstrated by "clear and convincing evidence," § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record. See Rice v. Collins, 546 U.S. 333, 338-339 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'") (quoting § 2254(e)(1)) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005))); see also Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence."). Importantly, the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. Cullen v. Pinholster, --- U.S. ---, 2011 WL 1225705, at *11 (Apr. 4, 2011).

Rountree v. Balicki, — F.3d —, No. 09-1189, 2011 WL 1815965, at * 5-6 (3d Cir. May 13, 2011). Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 316 (1979). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by the evidence should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp. 2d at 296; see also Williams, 529 U.S. at 408-09.

Relief can only be granted if petitioner demonstrates that the state court's decision satisfies one of the three tests set forth above.

6

## III. **Discussion**

The ineffective assistance of counsel claims raised by petitioner are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), which constitutes "clearly established Federal law" for AEDPA purposes. Williams v. Taylor, 529 U.S. 362, 391(2000); Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010). A habeas petitioner asserting a claim under Strickland must establish two elements. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, counsel's performance will be deemed deficient only if it "fell below an objective standard of reasonableness." Id. at 688. The question ultimately is "whether, in light of all the circumstances, the [challenged] acts or omissions were outside the wide range of professionally competent assistance." Id. at 690.

"Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." Id. at 687. To establish prejudice, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

> A. **Whether the State Court Decision was Contrary to the Strickland Standard Set Forth by the United States Supreme Court**

Under the "contrary to" clause, we must determine whether the state court applied a rule that contradicts Strickland or was confronted with a set of facts materially indistinguishable from a decision of the United States Supreme Court but reached a different result. In the matter *sub judice*, the Superior Court's recitation of the Pennsylvania standard for ineffective assistance set forth below, is materially identical to the test enunciated in Strickland:

> To establish ineffective assistance of counsel, Appellant must plead and prove the following:
>
> > (1) that the underlying claim is of arguable merit; (2) that counsel's performance had no reasonable basis; and (3) that counsel's ineffectiveness worked to his prejudice.
>
> Commonwealth v. Miller, 746 A.2d 592, 598 (Pa. 2000) (citations omitted). "Failure to meet any prong of the test will defeat an ineffectiveness claim." Commonwealth v. Wright, 961 A.2d 119, 149 (Pa. 2008).

(Doc. 8-3, at pp. 150-51).[1] See Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) Although the question of the merit of an underlying claim is not an explicit step under Strickland, the United States Court of Appeals for the Third Circuit has held

---

[1] In fact, the superior court acknowledged that the PCRA court utilized the incorrect standard in reviewing petitioner's PCRA ineffectiveness claim. (Doc. 8-3, at 150.)

that requiring a showing that the underlying claim has merit is not in conflict with Strickland. Rompilla v. Horn, 355 F.3d 233, 248 n. 9 (3d Cir. 2004), reversed on other grounds, Rompilla v. Beard, 545 U.S. 374 (2005). Rather, it is considered a determinative factor in the "deficient performance" prong of the Strickland analysis. See Werts, 228 F.3d at 203-04; Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998) (counsel not ineffective for failing to raise meritless claims). The state court did not apply a rule of law that contradicts Strickland. Nor did the state court reach a contrary result after being confronted with facts materially indistinguishable from Strickland.

### B. Whether the State Court Determinations Involved an Unreasonable Application of Strickland

Petitioner argues that the police illegally arrested him without an arrest warrant and illegally searched his residence prior to the issuance of a search warrant. In support of his claims he primarily relies on the similarities between this case and the case of Commonwealth v. Melendez, 544 Pa. 323, 676 A.2d 226 (Pa. 1996). (Doc. 2, at 11-18.)

The United States Supreme Court has recently stated that "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington v. Richter, — U.S. — , 131 S.Ct. 770 (2011). The Court further stated "that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary

error correction through appeal" and reiterated that even under de novo review, the standard for judging counsel's representation is a most deferential one; the question is whether an attorney's representation amounted to incompetence under prevailing professional norms. Id. at 786, 788 (quoting Strickland, 466 U.S. at 690.)

    1.    <u>Warrantless Arrest</u>

The PCRA court's findings concerning the warrantless arrest of petitioner were adopted by the superior court, and are as follows:

> Further, as Attorney Ness testified, although the circumstances under which the Officer's [sic] took [Appellant] into custody at the White Rose Bar may have constituted an illegal and warrantless arrest, the officers did not search [Appellant] or obtain any incriminating evidence or statements from him as they returned him to his residence to be present during the execution of the validly issued [p]roperty [s]earch [w]arrant. Further Attorney Ness concluded that the [p]roperty [s]earch [w]arrant had been validly issued and that the officers inevitably were going to find and locate the drugs in question during their search of [Appellant's] residence. . . . We conclude that Attorney Ness was not ineffective in these regards.

(Doc. 8-3, at 154, citing Trial Court Opinion, 1/20/2009, at 9). Concurring with this conclusion, the superior court noted that suppression of evidence is not available as a remedy for unlawful police conduct where the evidence is obtained by means independent of the unlawful police conduct and emphasized that this was not the first time the court concluded that evidence is admissible where obtained by a valid search warrant, despite an illegal arrest prior to the search. (Id. at 155) (citations omitted.) The court then stated that "[b]ecause we conclude that there was no merit to Appellant's suppression argument, counsel cannot be deemed ineffective for failing to [file a] motion to suppress." (Id.)

10

Following the warrantless arrest, the officers did not search petitioner or obtain any incriminating evidence or statements from him during the time in which he was transported back to his residence to be present during the execution of the property search warrant. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, [as is the case here], the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365 (1986). The Pennsylvania Superior Court's determination that "[b]ecause we conclude that there was no merit to Appellant's suppression argument, counsel cannot be deemed ineffective for failing to [file a] motion to suppress," demonstrates that the state court utilized the correct governing principles and reasonably applied them to petitioner's case. It is well settled that counsel is not ineffective for failing to raise baseless issues. Commonwealth v. Wilkerson, 490 Pa. 296, 416 A.2d 477, 479 (Pa.1980).

    2.    Property Search Warrant

Petitioner also argues that the police illegally searched his residence prior to issuance of the search warrant and that counsel was ineffective for failing to move to suppress the evidence obtained as a result of that search. The timing of the issuance of the search warrant was addressed by the superior court in the following manner:

> At the PCRA hearing, Appellant testified that the police transported him to his residence and then used his keys to enter approximately a half an hour prior to the issuance of the warrant. N.T., 11/26/2008, at 30-31. In contrast, Attorney Ness testified that when the search warrant was issued Officer Keppel radioed ahead to the surveillance team to effectuate it, before physically presenting it at the subject residence. Id. at 18-21.
>
> The PCRA court found Appellant's version of events incredible "inasmuch as Attorney Ness, who testified as to the timing [ ] of the events, verified that his discovery material, as well as the testimony from the Preliminary Hearing and his communications with the officers involved indicated [Appellant] was returned to the residence at approximately the same time as the commencement of the execution of the search warrant [ . . . ]." Trial Court Opinion, 1/20/2009, at 5. Ultimately, the PCRA court concluded that it was "satisfied that the execution of the warrant did not commence until after the warrant had been issued" by the district magistrate. Id. at 9.
>
> We may not disturb the PCRA court's credibility determinations. Because the police conducted a search pursuant to a validly executed warrant, we conclude that counsel cannot be deemed ineffective by failing to pursue a suppression motion. Moreover, Appellant's reliance on *Melendez* is misplaced. In that case, police detained Melendez and entered her residence while in the process of applying for a search warrant. As we have determined that police executed a proper search warrant **prior** to entering Appellant's residence in the case *sub judice*, *Melendez* is distinguishable.

(Doc. 8-3, at 153-54) (emphasis in original). In evaluating this claim, the state court extracted pertinent facts from the PCRA hearing, and, based on credibility, determined that the execution of the warrant did not commence until after the warrant had been issued by the district magistrate. (Doc. 8-3, at 153.) Specifically, the PCRA court weighed the testimony of petitioner—that the police used his keys to enter his residence approximately a half of an hour prior to the issuance of the warrant—against the testimony of Attorney Ness. (Doc. 8-3, at 153). Attorney Ness testified that the search did not take place until after the issuance of the warrant, a

12

fact corroborated by discovery materials, testimony from the preliminary hearing, and communications between Ness and the officers involved. (Id.) The superior court noted that credibility determinations made by the PCRA court could not be disturbed. (Id.) Consequently, since the warrant was legal and validly executed, the court concluded that counsel cannot be deemed ineffective by failing to pursue a suppression motion. In finding that the underlying claim had no merit, no further analysis under Strickland was warranted. See Kimmelman, 477 U.S. 365. All indications are that the state court utilized the correct standards governing ineffective assistance of counsel claims and reasonably applied them to petitioner's case.

      3.     Affidavit of Probable Cause

Petitioner argues that counsel was ineffective in failing to challenge the search warrant on the ground that it relied upon an affidavit of probable cause that lacked specificity. (Doc. 2, at pp. 20-23.) The superior court addressed the issue as follows:

> Here, the PCRA court was "satisfied that the facts as established and set forth in the four corners of the application for the search warrant legally supported the issuance of that [p]roperty [s]earch [w]arrant." Trial Court Opinion, 1/20/2009, at 9. [Petitioner], however, argues that the various informants cited in the affidavit of probable cause did not provide specific information to support the issuance of the search warrant.
>
> In determining whether an affidavit supporting a search warrant established probable cause for the search, we utilize the "totality of the circumstances" test. Commonwealth v. Gutierrez, 969 A.2d 584, 588 (Pa. Super. 2009). "An affidavit of probable cause to support a search warrant does not require a prima facie showing of criminal activity on the part of the occupants of the premises to be searched." Id. (citation and quotation

13

> omitted). "[T]he task of an issuing authority is 'simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before, him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id., citing Commonwealth v. Gray, 503 A.2d 921, 925 (Pa. 1985).
>
> Upon review, we agree with the PCRA court's assessment that the search warrant was properly issued. Here, the affidavit of probable cause was based upon two police-controlled purchases of narcotics by two separate informants, as well as, a third drug purchase by another source. All of the transactions occurred at the subject residence where [petitioner] resided and close in time to the application. Because we conclude that the search warrant was properly issued, counsel cannot be deemed ineffective for failing to raise this aspect of [petitioner's] suppression claim.

(Doc. 8-3, at pp. 152-53.) Petitioner argues that "[h]ad Mr. Ness filed the motion to suppress physical evidence, the burden would have been on the Commonwealth to establish the legitimacy of the warrantless arrest and warrantless search of the Fisher property." (Doc. 2, at 22.) "The probable cause affidavit was assailable and counsel's performance was objectively deficient for failing to challenge the sufficiency of the probable cause affidavit." (Id. at 23.)

It is clear that the Strickland standard was reasonably applied. The underlying claim concerning the lack of specificity in the affidavit of probable cause was evaluated and determined to be without merit. This determination eliminated the need to analyze the claim further. Hence, the state court's decision that counsel was not ineffective for failing to file a motion to suppress challenging the sufficiency of the affidavit of probable cause did not involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

    4. Counsel's Cumulative Errors

 Petitioner also claims that the cumulative effect of counsel's errors entitle him to habeas relief. Aside from the fact that petitioner never raised this claim to the state courts, making it unexhausted, it is wholly without merit.

 The Third Circuit endorsed the theory of a "cumulative errors" claim in Berryman v. Morton, 100 F.3d 1089, 1101-1102 (3d Cir. 1996). In that matter, the court found that, as to each error alleged by petitioner, counsel had been deficient under Strickland. Id. at 1097-1101. Thereafter, the court considered the cumulative effect of these errors for purposes of deciding whether the prejudice prong of Strickland had been met and whether petitioner was entitled to habeas relief. Id. at 1101-1102. The Third Circuit has also pronounced that "[i]ndividual errors that do not entitle a petitioner to relief may do so when combined, if cumulatively the prejudice resulting from them undermined the fundamental fairness of his trial and denied him his constitutional right to due process." Fahy v. Horn, 516 F.3d 169, 205 (3d Cir. 2008) (quoting Albrecht v. Horn, 471 F.3d 435, 468 (3d Cir. 2006)).

 Such analysis is not warranted in this case. As discussed in detail above, petitioner's allegations of ineffectiveness are all unfounded, in that they do not meet the Strickland standard. Consequently, counsel's actions, even taken cumulatively, cannot be said to have denied petitioner a fair trial. See Pursell v. Horn, 187 F. Supp.2d 260, 363 (W.D.Pa. 2002) (where ineffectiveness claims do not surmount first prong of Strickland, there are no errors to bundle together for a cumulative prejudice review).

15

### C. Whether the State Court Decision was Based on an Unreasonable Determination of the Facts in Light of the Evidence Presented to the State Court

The test for § 2254(d)(2)'s "unreasonable determination of facts" clause is whether the petitioner has demonstrated by "clear and convincing evidence," § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record evidence at the time of the state court's adjudication. <u>Cullen</u>, --- U.S. ---, 2011 WL 1225705, at *11.

#### 1. Time Frame of Arrest and Search

Petitioner argues that "the PCRA Court and the Superior Court have adjusted the time frame of the warrantless arrest and warrantless search in order to whitewash the Fourth Amendment violations, and the Article 1, Section 8 violations." (Doc. 2, at 28.) He argues that in finding that the search of the residence did not take place until after the warrant was signed the state courts disregarded both his testimony that his property was searched approximately a half an hour prior to the issuance of the warrant, and a notation on the Pennsylvania State Police incident report which indicates that the search of his residence took place at 7:30 p.m., not 8:30 p.m. We have reviewed the record and conclude that petitioner has not proffered clear and convincing evidence to overcome the presumption of correctness that attaches to the state court's finding that the execution of the warrant did not commence until after the warrant had been issued. This finding was based on the documentary evidence submitted and the testimony

16

of petitioner and Attorney Ness during the PCRA hearing. Petitoner fails to rebut the presumption of correctness on this issue.

        2.        <u>Affidavit of Probable Cause</u>

He also argues that the "record does not support that [sic] Superior Court's statement that "the affidavit of probable cause was based upon two police-controlled purchases of narcotics by two separate informants, as well as a third purchase by another source." (Doc. 2, at 29.) Review of the affidavit reveals that police-controlled purchases were made by two separate informants. (Doc. 8-3, at 40.) Conversely, while there was a third source indicating that the property at 719 S. Pershing Avenue was being used to distribute cocaine, there was not a third purchase mentioned in the affidavit. (<u>Id.</u>) However, as noted above, an issuing authority utilizes a "totality of the circumstances" test and makes a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before, him, including the veracity and basis of knowledge of persons supplying hearsay information, that there is a fair probability that evidence of a crime will be found in a particular place. Having considered the evidence before the PCRA court, we cannot conclude that the state court's determination concerning the affidavit of probable cause "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2), for "[e]ven if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to

17

supersede the trial court's determination." Wood v. Allen, ⎯⎯ U.S. ⎯⎯, 130 S.Ct. 841, 849, 175 L.Ed.2d 738 (2010) (internal quotation marks and citation omitted).

## IV.    Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied.

An appropriate order follows.

## V.    Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003)).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, no COA will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        May 24, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUA FISHER.** : | **CIVIL ACTION NO. 1:10-CV-0084** |
| **Petitioner** : | **(Judge Conner)** |
| v. : | |
| **WARDEN, SCI MAHANOY,** : | |
| **ATTORNEY GENERAL OF THE** : | |
| **STATE OF PENNSYLVANIA,** : | |
| **Respondents** : | |

## ORDER

**AND NOW**, this 24th day of May 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED based upon petitioner's failure to demonstrate that the applicable state court decisions were either contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ,or were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge